**VEHICLE EQUIPMENT SAFETY COMMISSION, an Interstate Compact Chartered by Congress; Maryland Department of Transportation; and Maryland Motor Vehicle Administration, Petitioners,**

v.

**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, Respondent, two cases.**

Nos. 79–1014, 79–1198.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 7, 1979.

Decided Dec. 11, 1979.

Robert W. Green, Washington, D. C. (Lawrence F. Henneberger, Wheaton, Md., Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., Ned S. Kodeck, Asst. Atty. Gen., Motor Vehicle Administration, Maryland Dept. of Transp., Glen Burnie, Md., on brief), for petitioners.

Alfred Mollin, App. Staff, Civ. Div., Dept. of Justice, Washington, D. C. (Frank Berndt, Chief Counsel, David W. Allen, Asst. Chief Counsel, Frederick W. Schwartz, Jr., National Highway Traffic Safety Administration, Barbara Allen Babock, Asst. Atty. Gen., Leonard Schaitman, App. Staff, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

In 1976, the National Highway Traffic Safety Administration (NHTSA) published advance notice of proposed informal rulemaking to amend Federal Motor Vehicle Safety Standard (FMVSS) 115. Promulgated in 1968, FMVSS 115 required automobile manufacturers to attach to each passenger car a unique vehicle identification number (VIN), but did not specify format or content. As finally amended through informal rulemaking in March 1979, FMVSS 115 specifies a VIN of 17 characters, divided into four groups, which is designed not only to identify each vehicle, but to describe it in various particulars as well. Petitioners Vehicle Equipment Safety Commission (VESC), Maryland Department of Transportation and Maryland Motor Vehicle Administration seek review of the orders amending FMVSS 115. We find that petitioners' challenges to the regulation lack merit, and order enforcement of the regulation as amended.

Petitioners' primary contention is that the NHTSA exceeded the scope of its statutory authority in promulgating the amended rule. We disagree. Regulations promulgated by the NHTSA must "meet the need for motor vehicle safety." 15 U.S.C. § 1392(a). While FMVSS 115, as amended, does promote such collateral interests as international standardization, its primary thrust is clearly to meet the need for motor vehicle safety. VIN content is of crucial importance in statistical analyses of motor vehicle accidents. Standardization of the length and format of the VIN may reduce errors of transmission of the numbers, enhancing the efficacy of vehicle recall campaigns. Finally, the enhanced ability to trace stolen vehicles may also lead to safety benefits, since the accident rate for stolen vehicles is far greater than for other vehicles. In sum, we find that the NHTSA acted well within the scope of its statutory authority.

Also without merit are petitioners' contentions that the regulation is unreasonable, impracticable, arbitrary, capricious, constitutes an abuse of discretion and is unsupported by the rulemaking record. In an attempt to develop a workable device in this type of rulemaking proceeding, the NHTSA simply cannot develop extensive evidence based upon past experience. This case presents a judgmental matter for those conversant with the problems to be solved and with what limited past experience there has been in the use of the VIN. We think that there is adequate basis in the rulemaking record to support adoption of the regulation as amended, and that the regulation is reasonable and practicable.

Finally, petitioners' claim that the amended FMVSS 115 interferes unconstitutionally with state sovereignty is wholly without merit. The regulation involved here in no way resembles the direct attack upon state conduct of integral government functions held unconstitutional in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). As noted above, the NHTSA acted well within the scope of its authority in promulgating the

amended FMVSS 115. Federal promulgation of such safety standards precludes state regulation dealing with the "same aspect of performance of [regulated] vehicle[s]." 15 U.S.C. § 1392(d). Far from being an unconstitutional invasion of the rights of the petitioners or of the states, this case presents a proper instance of federal preemption.

*PETITION DENIED.*